## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**ISSAC TAYLOR,**
*Individually, and on behalf of himself*
*and others similarly situated,*

Plaintiff,

v.                                          No._____

**SMITH & NEPHEW, INC.,**                   **FLSA Collective Action**
*a Delaware Corporation,*
                                            **JURY DEMANDED**
Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Issac Taylor ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated, files this Collective Action Complaint, averring as follows:

1.  This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Smith & Nephew, Inc. ("Defendant") on behalf of all current and former hourly-paid employees who worked for Defendant during the past three (3) years. Plaintiff and the putative class seek damages for unpaid "off the clock," "edited-out," and "rounded-off," overtime compensation. The unpaid "off the clock," "edited/shaved out," and "rounded-off" and wage claims of Plaintiff and those similarly situated are unified by common theories of FLSA violations.

1

## JURISDICTION AND VENUE

2.    This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, was employed by Defendant in this District, and Defendant has conducted, and continues to conduct, business within this District during all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4.    Defendant Smith & Nephew, Inc. is Delaware Corporation with its principal Memphis, Tennessee offices located at 1450 East Brooks Road, Memphis, Tennessee 38116. Defendant Smith & Nephew, Inc. has been an "employer" of Plaintiff and those similarly situated as such term is defined by the FLSA at all times material to this action. According to the Tennessee Secretary of State, Defendant may be served process via its registered agent C T Corporation System, 300 Montvue Rd, Knoxville, Tennessee 37919-5546.

5.    Plaintiff has been a resident of this District and worked for Defendant within this District during the three (3) year period immediately preceding the filing of this Complaint. Plaintiffs' Consent to Join this collective action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

6.    Defendant produces and provides medical related-devices to a world-wide market, and has production and other USA based facilities located in Andover, Massachusetts, Austin, Texas, Memphis, Tennessee and Fort Worth, Texas.

7.    Plaintiff Issac Taylor was employed by and performed work for Defendant as an hourly-paid, non-exempt employee within this District during the three (3) year period preceding the filing of this action.

8.    Plaintiff was paid an hourly-rate of $15.00 per hour for the work he performed for Defendant.

9.    Defendant has been the "employer" of Plaintiff and class members within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

10.   At all times material to this action, Plaintiff and class members have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and performed work for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

11.   At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid, non-exempt employees also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

12.   Defendant has had a common time keeping system in which hourly-paid

employees were required to clock-in and clock-out for the purpose of recording their compensable time during all times material to this action.

13.    On information and belief, Defendant had a plan, policy and practice of "rounding-off" and "editing/shaving out" the recorded times of Plaintiff and those similarly situated that were clocked-in to its time keeping system prior to the beginning of their assigned shifts as well as their recorded times clocked-out subsequent to the ending of their assigned shifts within weekly pay periods during all times material to this action.

14.    Plaintiff and those similarly situated performed unpaid "off-the-clock" tasks related to their job duties during such "rounded-off" and "edited/shaved out" times within weekly pay periods during all times material to this action.

15.    Defendant's said "rounding-off" and "editing/shaving out" policy occurred irrespective of the Plaintiff and those similarly situated performing tasks related to their job duties during weekly pay periods at all times material to this action.

16.    Defendant's said "rounding-off" and "editing/shaving out" policy did not allow or provide for a similarly effective "rounding-off" feature in favor of Plaintiff and those similarly situated.

17.    Plaintiff and those similarly situated were not compensated for such "off-the-clock," "rounded off," and "edited/shaved out" work time at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

18.    On information and belief, Defendant had a plan, policy and practice of failing to

record and/or "editing/shaving out" certain hours worked over forty (40) per week within weekly pay periods during all times material to this action.

19.   Plaintiff and those similarly situated performed job duties in excess of forty (40) hours per week within weekly pay periods during all times material without being paid the applicable FLSA overtime compensation rate of pay for such work.

20.   The aforementioned unpaid "off the clock," "rounded-off," and "edited-out/shaved" claims of Plaintiff and those similarly situated are unified by common theories of Defendant's FLSA violations.

21.   Defendant failed to properly and accurately record all such compensable time of Plaintiff and those similarly situated as required by 29 C.F.R. §516.2(a)(7).

22.   By its failure to accurately record all their compensable time and to pay Plaintiff and those similarly situated for all such compensable time, Defendant willfully failed to compensate them for all such time at the applicable overtime rates of pay, as required by the FLSA.

23.   Defendant knew and was aware at all times relevant it was not recording and compensating Plaintiff and those similarly situated for all of their compensable time without a good faith basis for its failure.

24.   Defendant's common policies and practices of not compensating Plaintiff and those similarly situated for all compensable time at the applicable FLSA overtime rates of pay violated 29 U.S.C. § 207(a)(1).

25.   As a result of Defendant's bad faith and willful failure to pay Plaintiff and those similarly situated in compliance with the FLSA, Plaintiff and those similarly

situated have suffered lost wages in terms of lost overtime compensation, as well

as other damages.

26.     The net effect of Defendant's common plan, policy, and practice of working

Plaintiff and those similarly situated "off the clock" as well as "rounding-off" and

"editing-out/shaving" their compensable time from its time keeping system is

that Defendant has unjustly enriched itself and enjoyed ill-gained profits at the

expense of Plaintiff and class members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff brings this case as a collective action on behalf of himself and other

similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid

overtime compensation, liquidated damages, statutory penalties, attorneys' fees

and costs, and other damages owed.

28.     The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid individuals employed by Defendant
> who were subject to the time keeping system of Defendant and who
> performed work "off the clock" without pay and/or who have had
> compensable time "edited-out" or "rounded-off" from their pay, occurring
> anywhere in the United States within the three (3) years preceding the filing
> of this action ("Class Members").[1]

29.     Plaintiff seeks to pursue his unpaid "off the clock," "rounded-off" and "edited-

out" overtime wage claims against Defendant on behalf of himself, individually,

and on behalf of himself and all other similarly situated hourly-paid employees.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

30.    Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked, as required by the FLSA.

31.    This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping, pay and compensation policies and practices. Plaintiff and members of the class were subjected to Defendant's policy and practice of being required to work "off the clock" and having their compensable time "rounded-off" and "edited/shaved out" from Defendant's time keeping system.

32.    The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

33.    Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned "off the clock," "rounded-off," and "edited/shaved out" claims, as previously described.

34.    Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

35.   Defendant required Plaintiff and class members to work "off the clock" and be subjected to its aforementioned "rounding-off' and "editing-out" policy and practice within weekly pay periods at all times relevant.

36.   Defendant knew Plaintiff and class members performed work and engaged in matters that required additional overtime compensation to be paid. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such FLSA required overtime compensation.

37.   Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and class members.

38.   Defendant's conduct was not in good faith by its failure to compensate Plaintiff and class members for all their compensable times at the FLSA applicable overtime compensation rates of pay within weekly pay periods during all times material to this action.

39.   Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned "off the clock," "rounded-off" and "edited/shaved out" unpaid wage claims.

40.   Plaintiff requests this Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages under the FLSA, and the other relief requested herein.

41.   Plaintiff estimates there are several hundred members in the collective class. The

precise number of class members can be easily ascertained by examining

Defendant's payroll, scheduling, time keeping, personnel and other work-related

records and documents. Given the composition and size of the class, members of

the class may be informed of the pendency of this action directly via U.S. mail, e-

mail, and by posting notice in all of Defendant's work sites.

42.   Plaintiff and class members' unpaid overtime compensation claims may be

determined partially by an examination of Defendant's payroll, scheduling, time

keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

43.   Plaintiff incorporates by reference all preceding paragraphs as fully as if written

herein.

44.   At all relative times, Plaintiff and class members have been entitled to the rights,

protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

45.   At all relevant times, Defendant has been an "employer" engaged in interstate

commerce consistent with 29 U.S.C. § 206(a) and 207(a).

46.   At all relevant times, Defendant employed Plaintiff and each of the class members

consistent with the terms of the FLSA.

47.   At all relevant times, Defendant was an "employer" under the FLSA.

48.   At all relevant times, Plaintiff and class members were "employees" of Defendant

within the meaning of the FLSA's overtime wage requirements.

49.   Plaintiff and other class members have been similarly situated individuals within

the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

50.    As a result of Defendant's common policy and practice of working Plaintiff and

class members "off the clock" as well as "rounding-off" and "editing/shaving out"

their compensable time (as previously described), Plaintiff and class members

were not paid all their overtime compensation, as required by the FLSA.

51.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal

to at least one and one-half (1.5) times the employee's regular rate of pay, for all

hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. §

778.315, compensation for hours worked in excess of forty (40) hours per week

may not be considered paid to an employee unless that employee is compensated

for all such overtime hours worked.

52.    Through their actions, policies, practices, and plans, Defendant violated the FLSA

by regularly and repeatedly failing to compensate Plaintiff and similarly situated

individuals for all their aforementioned "off the clock" hours worked and, for all

their "rounded-off" and "edited-out/shaved" compensable time.

53.    The foregoing actions of Defendant violated the FLSA.

54.    Defendant's actions were willful with reckless disregard of clearly applicable

FLSA provisions.

55.    Defendant's actions were not in good faith.

56.    The "off the clock," "rounded-off," and "edited/shaved out" claims of Plaintiff

and the class are unified by common theories of FLSA violations.

57.    As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and

similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

58.     Therefore, Defendant is liable to Plaintiff and the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i)  Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

j)  Provide additional general and equitable relief to which Plaintiff and the class may

be entitled; and

k) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: June 26, 2020.                         Respectfully Submitted,

*s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT
OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED*

12